IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:10CV52 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WINDSTREAM | ) | |
| COMMUNICATIONS, and U.S. | ) | |
| CELLULAR, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Motion to Amend. (Filing No. 5.)[1] As set forth in the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Here, Defendants filed their Motion to Dismiss on February 12, 2010, arguing that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 3.) On February 25, 2010, Plaintiff filed an Amended Complaint, which the Clerk of the court construed as a Motion to Amend. (Filing No. 5.) Thus, Plaintiff filed his Amended Complaint within 21 days of Defendants' responsive pleading in compliance with this Rule and leave of court is unnecessary. The court will therefore direct the Clerk of the court to file the Amended Complaint. In addition, a motion to amend a complaint "render[s] moot" a pending motion to dismiss. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). In light of this, Defendants' Motion to Dismiss (filing no. 3) is denied without prejudice to reassertion in response to Plaintiff's Amended Complaint.

---

    [1]Plaintiff filed a second Motion to Amend on March 24, 2010. (Filing No. 13.) However, that Motion attaches an identical proposed Amended Complaint and is denied because it is duplicative.

Also pending before the court is Defendants' Motion for Protective Order. (Filing No. 7.) In their Motion, Defendants request that discovery be stayed until the court rules on their Motion to Dismiss. (*Id.*) As set forth above, the court is denying the Motion to Dismiss as moot. However, the court's Local Rules exempt pro se cases (such as this matter) from the requirements of Federal Rule of Civil Procedure 26. NECivR 16.1(c). In addition, in pro se cases, "[a]pproximately 30 days after the last defendant files an answer, the court issues a progression order addressing discovery and other issues. **No discovery may take place until this progression order is entered except upon motion and order**." *Id.* (emphasis added). Defendants have not yet filed an answer and no progression order has been entered in this matter. Thus, in accordance with the court's Local Rules, no discovery may take place in this matter and no protective order is necessary.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend (filing no. 5) is granted. The Clerk of the court is directed to file the Amended Complaint as a separate document which will be the operative complaint in this matter.

2. All other pending motions are denied, in accordance with this Memorandum and Order.

3. Defendants shall have until June 10, 2010, in which to file an answer or other responsive pleading to Plaintiff's Amended Complaint.

---

[2] To the extent Plaintiff has already served discovery, Defendants need not respond to it. If a progression order is later entered in this matter, Plaintiff will be required to re-serve his discovery requests in accordance with that progression order.

4. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: June 10, 2010: deadline for Defendants to file answer or other responsive pleading.

DATED this 11th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.